IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THERON JOHNNY MAXTEN,**

    **Plaintiff,**

**v.**                       Civil No. 5:17cv50
                              (Judge Stamp)

**UNITED STATES OF AMERICA,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On April 24, 2017, the Plaintiff filed this complaint pursuant to the Federal Tort Claim Act ("FTCA") against the United States of America, containing allegations regarding his incarceration at USP Hazelton, which is located in Bruceton Mills, West Virginia. On that same date, the Plaintiff filed a Motion for Leave to proceed *in forma pauperis*, together with a Prisoner Trust Account Report and a Consent to Collection. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2, et seq., and 28 U.S.C. § 1915(A).

## I. THE COMPLAINT

In his complaint, the Plaintiff alleges that the Attorney General continues to allow the Warden at USP Hazelton to keep putting inmates "back on the yard," who keep getting caught with knives and drugs. The Plaintiff further alleges that since January of 2017, at least six inmates have been stabbed or hit with locks. The Plaintiff alleges that the Attorney General is aware of the problem and appears to allege that the staff at USP Hazelton is racist and allows problem inmates out of the special housing unit within seven days. He further alleges that they then get knives and drugs again, hurt somebody, and consequently, the prison is put on lock-down. The Plaintiff maintains that he personally

talked to the Regional Director of the BOP and wrote Internal Affairs, the Attorney General and the President, who were all put on notice regarding the situation at USP Hazelton. In addition, the Plaintiff alleges that Internal Affairs conspired with the Regional Director to cover up crimes committed by SIS officials, the captain and the warden. The Plaintiff alleges that he has had outside medical appointments cancelled because of these issues. For relief, he seeks an order sending him to a medical institution in North Carolina, Springfield, or Atlanta until he is "healed" and $300,00 for the pain and suffering he has endured.

## II.  Standard of Review

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  However, the Court must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous.  See Neitzke at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations

---

[1] Id. at 327.

which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III.  ANALYSIS

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States.  The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code.  28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

Pursuant to the provisions of the FTCA, the administrative process must be fully exhausted before claims may be brought in federal court. 28 U.S.C. § 2675(a). Administrative exhaustion under the FTCA requires an inmate to submit written notification of the incident, accompanied by a sum certain claim for monetary damages, to the federal agency responsible for the activities giving rise to the claim. See 28 C.F.R. §§ 14.2(a) and (b). The inmate may file an FTCA suit in federal court only after the agency denies the inmate's claim, and must do so within six months of the mailing of the denial. 28 C.F.R. § 14.9. An administrative tort claim is statutorily presumed denied if six months pass without action on a properly filed administrative claim. 28 C.F.R. § 2675(a).

In the instant case, the Plaintiff acknowledges on the face of the complaint that he did not pursue his FTCA administrative remedies by filing an FTCA Claim Form (SF-

95). ECF No. 1 at 4. Therefore, because he has not exhausted his administrative remedies, this case is due to be dismissed for lack of jurisdiction. Moreover, as discussed below, even if the Plaintiff had exhausted his administrative tort remedies, this case is still subject to dismissal.

The FTCA waiver of sovereign immunity is subject to several requirements and limitations. One of those is found in § 1346(b)(2), which provides as follows:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injuries suffered while in custody without a prior showing of physical injury.

Similarly, Section 803(d) of the Prison Litigation The form Act, codified at 42 U.S.C.§ 1997(e)(2), also predicates a prisoner's claim for mental or emotional injuries suffered while in custody on a showing of an accompanying physical injury. See 42 U.S.C. § 1997e(e) (" No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injuries suffered while in custody without a prior showing of physical injury."). In light of the similarities between § 1346(b)(2) and § 1997e(e), and the fact that the PLRA also applies to the Plaintiff's claims, the undersigned has relied upon cases interpreting both statutes.

The Plaintiff does not assert that he has been harmed in any way. Rather, the Plaintiff alleges that prison officials have ignored, or perhaps perpetuated, an environment which has resulted in injuries to other inmates and institutional lock downs. Liberally construed, the Plaintiff alleges that these non–physical acts by BOP officials have caused him pain and suffering.

However, the "pain and suffering" the Plaintiff complains of, are the types of mental and emotional injuries which § 1346(b)(2) precludes as a basis for a FTCA without a

showing of prior physical injuries. See e.g., Brooks v. Smith, C.A. 3:04-cv-2680, 2007 WL 3275266, at *2 (M.D.Pa. Nov. 6, 2007) (holding that prisoner suffered headaches from the stress of his confinement did not meet the physical injury requirement; collecting cases); Smith v. Carroll,. C.A. No. 05-139, 2006 WL 1338825 at *2 (D.Del. May 16, 2006) (holding prisoner's claims seeking damages for stress, depression and mental illness and compensation for pain and suffering barred by physical injury requirement); Cloud v. Goldberg, C.A. No. 98-4250, 2000 WL 157159, at *5 (E.D. Pa. Feb. 14, 2000) (holding that prisoners allegation that failure to treat his medical condition resulted in "depression, insomnia, and just being in a scary frame of mind" did not satisfy the physical injury requirement). Applying 42 U.S.C. § 1997e(e), courts have consistently rejected claims of anxiety and stress, as well as the physical manifestations associated with emotional distress, such as loss of appetite, headaches and sleeplessness to establish a physical injury. Grainger v. Fed. Bureau of Prisons, 2009 WL 47217 at *3 (S.D. Tex. Jan. 6, 2009). See also Chatham v. Adcock, 334 Fed.. Appx. 281, 285 (11th Cir. 2009)(claims of anxiousness, nausea, nightmares, hallucinations, and flucuating blood pressure are not sufficient to satisfy § 1997e(e). Accordingly, because the Plaintiff has made no allegation whatsoever of physical injury, he has no chance for success, and his FTCA must be dismissed.

## VI.  Recommendation

For the reasons set forth in this Order, it is recommended that the Plaintiff's Complaint be **DISMISSED**. It is further **RECOMMENDED** that the Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No.2] be **DENIED AS MOOT**.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections

5

identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

    The Clerk is directed to mail a copy of this Report and Recommendation to the Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket sheet. Furthermore, upon entry of this Report and Reco9mmendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

Dated: February 26, 2018.

*/s James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE