IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THERON JOHNNY MAXTEN,

    Plaintiff,

v.                                     Civil Action No. 5:17CV50
                                                       (STAMP)

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE
DISMISSING PLAINTIFF'S COMPLAINT AND
DENYING PLAINTIFF'S MOTION FOR LEAVE TO
PROCEED IN FORMA PAUPERIS AS MOOT**

I. Background

The pro se[1] plaintiff, a federal inmate who is housed at USP Hazelton, initiated this case by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. In his complaint, the plaintiff alleges that the Warden at USP Hazelton keeps putting inmates "back on the yard," after repeatedly getting caught with knives and drugs. ECF No. 1 at 6. The plaintiff alleges that since January 2017, at least six inmates have been either stabbed or hit with locks. ECF No. 1 at 6. The plaintiff further alleges that the Attorney General is aware of the problem and that the staff at USP Hazelton is racist and allows problem

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

inmates out of the special housing unit within seven days. ECF No. 1 at 6.

Finally, the plaintiff alleges that he has had outside medical appointments cancelled as a result of these issues. ECF No. 1 at 9. For relief, the plaintiff requests an order sending him to a medical institution either in North Carolina, Springfield, or Atlanta until he is "healed." ECF No. 1 at 9. The plaintiff requests relief in the form of $300,000.00 in damages for the pain and suffering he has endured. ECF No. 1 at 9. The plaintiff also filed a motion for leave to proceed <u>in forma pauperis</u>. ECF No. 2.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge James E. Seibert. The magistrate judge entered a report and recommendation recommending that this Court dismiss the plaintiff's claim and deny the plaintiff's motion for leave to proceed <u>in forma pauperis</u> as moot. ECF No. 13. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Neither party filed any objections to the report and recommendation.

For the reasons set forth below, the report and recommendation of the magistrate judge (ECF No. 13) is affirmed and adopted. Therefore, the complaint (ECF No. 1) is dismissed and the

plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is denied as moot.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the plaintiff did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

## III. Discussion

After reviewing the parties' filings and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge. United States v. Gypsum Co., 333 U.S. at 395. In this civil action, the magistrate judge correctly held the pro se complaint to less stringent standards than those complaints drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). This Court agrees

with the magistrate judge's finding that the plaintiff has not exhausted his administrative remedies. ECF No. 13 at 3-4.

To bring a claim under the Federal Tort Claims Act ("FTCA"), a plaintiff must fully exhaust the administrative process. 28 U.S.C. § 2675(a). In order to exhaust the administrative process, the plaintiff must submit a written notification of the incident, accompanied by a claim for money damages, to the federal agency whose activities gave rise to the claim. 28 C.F.R. §§ 14.2(a)-(b). After the plaintiff receives notification of final denial, he may file suit within six months under the FTCA. 28 C.F.R. § 14.9. In this case, the magistrate judge correctly found that because the plaintiff had not exhausted his administrative remedies, the case should be dismissed.

Additionally, the magistrate judge found that, even if the plaintiff had exhausted administrative remedies, the plaintiff's complaint would still be subject to dismissal because the plaintiff does not allege physical injury. ECF No. 13 at 4. The magistrate judge specifically noted that, under the FTCA, the waiver of sovereign immunity is subject to several requirements, and concluded that those requirements have not been met. ECF No. 13 at 4. Further, the magistrate judge added that to recover for mental or emotional injury, a prisoner under the FTCA must show a physical injury. ECF No. 13 at 4-5. Accordingly, the magistrate judge found that the plaintiff has only alleged types of mental and

4

emotional injuries and thus "has no chance for success." ECF No. 13 at 5.

This Court finds no clear error in the findings of the magistrate judge and thus upholds his recommendation. Accordingly, the report and recommendation is affirmed and adopted in its entirety.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, this Court AFFIRMS and ADOPTS the magistrate judge's report and recommendation (ECF No. 13) in its entirety. The plaintiff's complaint (ECF No. 1) is thus DISMISSED and the plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is DENIED AS MOOT. Further, it is ORDERED that this civil action be STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 21, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE